UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN McBURNEY,

   Petitioner,

Case No. 11-cv-12046

HONORABLE VICTORIA A. ROBERTS

v.

LLOYD W. RAPELJE,

   Respondent.
               /

**OPINION AND ORDER DENYING PETITIONER'S (1) MOTION
FOR EVIDENTIARY HEARING AND EXPANSION OF RECORD;
(2) MOTION TO SET ASIDE AND VACATE JUDGMENT OF
CONVICTION; AND (3) MOTION TO APPOINT COUNSEL**

  Petitioner Steven McBurney filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of second degree murder and first degree child abuse, arising from the death of his infant daughter, and was sentenced to 30 to 60 years imprisonment for the murder conviction, concurrent to 15 to 22 ½ years imprisonment for the child abuse conviction. Petitioner asserts three claims for habeas relief: that his right to a fair trial was violated by the prosecution's improper impeachment of his expert witness; that his rights were violated by the admission of evidence of a previous act of child abuse; and that his due process rights were violated by the trial court's calculation of his sentences and its enhancement of his sentences for failure to admit responsibility. Pending before the Court are three motions filed by Petitioner: a motion for an evidentiary hearing and expansion of the record; a motion to set aside and vacate the judgment of sentence and conviction; and a motion to appoint counsel.

## I. Motion for Evidentiary Hearing and to Expand Record

At Petitioner's trial, the court entered into evidence medical records relating to another child of Petitioner's, which records contained a medical diagnosis of shaken baby syndrome. Petitioner argues that the admission of the medical records violated his federal constitutional right to confrontation. Petitioner seeks an evidentiary hearing to develop facts regarding the identity of the author of the medical records and whether the author knew that the records would be used in later legal proceedings. In the alternative, Petitioner seeks to expand the record to include affidavits and letters relating to his unsuccessful efforts to obtain information regarding the medical records.

Petitioner's motion for an evidentiary hearing and to expand the record must be denied because the state court considered and denied Petitioner's Confrontation Clause claim on the merits. *See People v. McBurney*, No. 285485, 2009 WL 2902479, *4-5 (Sept. 10, 2009) (determining that admission of records did not violate Confrontation Clause). When a state court adjudicates a claim on the merits, a federal court's review is limited to determining if that adjudication resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C.§ 2254(d). The United States Supreme Court has held that this provision limits a federal court's review of claims under section 2254(d)(1) to the record that was before the state court that adjudicated the claim on the merits, and that evidence obtained in a federal evidentiary hearing cannot be considered in adjudicating such a claim. *See Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1398 (2011). Therefore, "evidence later introduced in federal court is

irrelevant" to a federal court's review of a state court's merits-based decision. *Id.* at 1400. Since this Court must look solely to the record before the state court in determining whether the Petitioner is entitled to habeas relief, the additional evidence Petitioner seeks to develop and admit is irrelevant. The Court therefore denies Petitioner's motion for an evidentiary hearing and expansion of the record.

## II. Motion to Vacate and Set Aside Conviction

Petitioner has also filed a motion to set aside and vacate his conviction, arguing that as set forth in his petition his conviction is unconstitutional. This motion essentially seeks the relief sought in the petition itself. The Court will address the merits of the petition as expeditiously as possible, and the Court denies this motion as unnecessary.

## III. Motion to Appoint Counsel

Finally, Petitioner filed a motion to appoint counsel. There is no constitutional right to the appointment of counsel in a habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"). Appointment of counsel in a habeas proceeding is mandatory if the district court determines that an evidentiary hearing is required. *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Otherwise, the matter lies within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a) (2)(B). Here, no evidentiary hearing is warranted, and the Court concludes after careful consideration that the interests of justice do not require

3

appointment of counsel at this time. The Court therefore denies the motion without prejudice.

## VI. Conclusion

Petitioner's "Motion for Evidentiary Hearing and Expansion of Record" [dkt. # 4], "Motion to Set Aside and Vacate Judgment of Sentence and Conviction" [dkt. # 5], and "Motion for Appointment of Counsel" [dkt. # 10] are **DENIED**.

**IT IS ORDERED**.

> S/Victoria A. Roberts
> VICTORIA A. ROBERTS
> United States District Judge

Dated: January 11, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 11, 2012, by electronic and/or ordinary mail.

> S/Carol A. Pinegar
> Case Manager